PILOT BUILDING AND LOAN ASSOCIATION OF NEWARK, NEW JERSEY, PLAINTIFF-APPELLEE, v. PAUL CHIEFF AND MARY CHIEFF, DEFENDANTS-APPELLANTS.

Decided November 7, 1923.

**Building and Loan—When Loan is Actually Made—When the Premium is Payable—Amount Recoverable by Association Where Applicant Refuses to Take Loan After Funds are Set Aside.**

On appeal from the Second District Court of the city of Newark.

Before Justices SWAYZE and KATZENBACH.

For the plaintiff-appellee, *Selick J. Mindes.*

For the defendants-appellants, *Adam J. Rossbach.*

PER CURIAM.

This is an appeal from a judgment of the Second District Court of the city of Newark. The appellants, the defendants below, desired a loan upon their bond secured by a mortgage on real estate owned by them. They applied to the plaintiff below, a building and loan association, which granted the loan on September 28th, 1922. The defendants had offered a four per cent. premium for the loan. A check for the amount of the loan, $8,000, was in due course given to the solicitor of the association and the defendants to whom it was payable endorsed the check to the solicitor who had been instructed to make the searches and take the steps necessary to consummate the transaction. The defendants subsequently concluded they did not desire the loan. On January 3d, 1923, they requested in writing that the loan be canceled and the money returned to the association. The association had set aside the amount on September 29th, 1922, when the loan was granted. No disposition of the money could be made until January 28th,

1923. These were the facts as found by the District Court. The association brought suit to recover the premiums of four per cent. on the loan of $8,000 and interest from September 28th, 1922, to January 28th, 1923, at six per cent. and recovered a judgment of $480 for these two items. The Building and Loan Association law permits the charge of a premium for a loan (*Pamph. L.* 1918, p. 957), whether made to members or non-members.

The appellants make the following contentions:

*First,* that the statute only authorizes a building and loan association to take a premium for a loan actually made; *second,* that independently of the statute, a building and loan association can only take the premium in case the borrower receives the money and becomes a member of the association and enjoys the privileges incident to this method of borrowing, and *third,* that the plaintiffs, assuming that they are entitled to recover, can only recover damages resulting from the defendant's refusal to take the loan and not the specific sum for premium and interest claimed."

The answer to the first contention is that the loan was actually made. The money was paid to the defendants and received by the one they made their agent.

The answer to the second contention is that the borrower did receive the money and that a borrower does not have to become a member of the association to obtain a loan. The law permits loans to non-members and the plaintiff association in the constitution and by-laws had provided for loans both to members and non-members.

The answer to the third contention is that the damages to the plaintiff association consequent upon the defendant's refusal to retain the money and deliver to the association the bond and mortgage agreed upon were the loss of the premium and the loss of the interest upon the amount of the loan for the four months the association had been without control of the funds. The refusal to take the loan caused damage to the association in a sum equal to the loss of the premium and interest.

The judgment is affirmed.